**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC **ORDER** |

The Court previously dismissed multiple cases from this MDL for lack of subject matter jurisdiction.  *See* Docs. 20667, 21461, 21759.  The parties have filed an updated status report identifying 29 additional cases for which no federal jurisdiction exists.  Docs. 21726 at 2-3, 21726-3.  For reasons stated below, the Court will dismiss those cases without prejudice.

Federal subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Courts "analyze federal question jurisdiction with reference to the well-pleaded complaint rule." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992).  Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003).  The complaint must establish either that "federal law creates the cause of action or that . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

The master complaint in this MDL asserts seventeen state law claims.  Doc. 364 ¶¶ 166-349.  Because the complaint asserts no federal claim and Plaintiffs' right to relief on the state law claims does not depend on resolution of a federal law question, the Court lacks subject matter jurisdiction under the federal question statute.  *See* 28 U.S.C. § 1331; *Yokeno*, 973 F.2d at 809.

Subject matter jurisdiction must therefore be based on diversity of citizenship.  *See Yokeno*, 973 F.2d at 809.  District courts have diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000.  28 U.S.C. § 1332(a).  Section 1332 requires complete diversity between the parties – that is, the citizenship of the plaintiff must be diverse from the citizenship of each defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

For purposes of diversity jurisdiction, Defendant C. R. Bard, Inc. is a citizen of New Jersey and Defendant Bard Peripheral Vascular, Inc. is a citizen of Arizona.  *See* Doc. 364 ¶¶ 11-12; *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (noting that "a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business") (citing 28 U.S.C. § 1332(c)).  Complete diversity does not exist, therefore, where the Plaintiff is a resident of either Arizona or New Jersey and has sued both C.R. Bard and Bard Peripheral Vascular.  *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) ("Although diversity jurisdiction provides an independent basis for federal jurisdiction over state law claims, complete diversity is lacking in this case because both [plaintiff] and [defendant] are citizens of California.").

The parties' identify 29 pending cases in which diversity jurisdiction does not exist.  Docs. 21726 at 2-3, 21726-3 (Ex. C).[1]  A district court may dismiss a case for lack of subject matter jurisdiction at any time during the pendency of the action.  *See* Fed. R. Civ.

---

[1] The parties initially identified 30 such cases, but counsel for Defendants has informed the Court that one case, *Shane Tice v. Bard Peripheral Vascular, Inc.*, CV-16-00832, was included in error (diversity jurisdiction exists because Tice is a New Jersey resident and has sued only Bard Peripheral Vascular, a citizen of Arizona).  This case will be transferred to the New Jersey district court.  *See* Doc. 21726 at 2.

P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (noting that Rule 12(h)(3) permits a district court to "raise the question of subject matter jurisdiction[] sua sponte"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230-31 (9th Cir. 2006) (an MDL "transferee judge exercises all the powers of a district judge in the transferee district under the Federal Rules of Civil Procedure").  The following cases lack subject matter jurisdiction and are **dismissed without prejudice**:

| | Case Caption | Case Number | Plaintiff's Residence |
|---|---|---|---|
| 1 | Stephen Alaimo v. C. R. Bard, Inc., et al. | 2:18-cv-02519 | New Jersey |
| 2 | Clifton Atkins v. C. R. Bard, Inc., et al. | 2:18-cv-02592 | Arizona |
| 3 | Mostafa Badawi v. C. R. Bard, Inc., et al. | 2:17-cv-01853 | New Jersey |
| 4 | Richard Barela v. C. R. Bard, Inc., et al. | 2:17-cv-02466 | Arizona |
| 5 | Jennifer Bounassi v. C. R. Bard, Inc., et al. | 2:19-cv-04084 | New Jersey |
| 6 | Julie Bozak v. C. R. Bard, Inc., et al. | 2:16-cv-03290 | Arizona |
| 7 | Matthew Brown v. C. R. Bard, Inc., et al. | 2:17-cv-02981 | Arizona |
| 8 | Theressa Campbell v. C. R. Bard, Inc., et al. | 2:19-cv-02658 | New Jersey |
| 9 | Daniel Dipasquale v. C. R. Bard, Inc., et al. | 2:19-cv-03292 | New Jersey |
| 10 | Maria Garcia v. C. R. Bard, Inc., et al. | 2:18-cv-01806 | New Jersey |
| 11 | Priscilla Grainger v. C. R. Bard, Inc., et al. | 2:19-cv-00395 | New Jersey |
| 12 | Richard Hand v. C. R. Bard, Inc., et al. | 2:18-cv-00401 | New Jersey |
| 13 | Brian Hinchey v. C. R. Bard, Inc., et al. | 2:19-cv-02757 | New Jersey |
| 14 | Frances Hubler v. C. R. Bard, Inc., et al. | 2:18-cv-01821 | New Jersey |
| 15 | Teyrance Jackson v. C. R. Bard, Inc., et al. | 2:19-cv-03879 | New Jersey |
| 16 | John Lane v. C. R. Bard, Inc., et al. | 2:16-cv-04216 | Arizona |
| 17 | Glenn Malloff v. C. R. Bard, Inc., et al. | 2:18-cv-01651 | Arizona |
| 18 | John Osborn v. C. R. Bard, Inc., et al. | 2:18-cv-01380 | Arizona |
| 19 | Celeste Paige v. C. R. Bard, Inc., et al. | 2:19-cv-02672 | New Jersey |
| 20 | Shakina Rainey v. C. R. Bard, Inc., et al. | 2:18-cv-02702 | New Jersey |
| 21 | Jeffery Raleigh v. C. R. Bard, Inc., et al. | 2:16-cv-04259 | Arizona |

| 22 | Michelle Raub v. C. R. Bard, Inc., et al. | 2:19-cv-03884 | New Jersey |
| 23 | Kenneth Russ v. C. R. Bard, Inc., et al. | 2:19-cv-03795 | Arizona |
| 24 | Jovanna Sagastume v. C. R. Bard, Inc., et al. | 2:17-cv-04435 | New Jersey |
| 25 | Beverly Stokes v. C. R. Bard, Inc., et al. | 2:16-cv-04294 | New Jersey |
| 26 | Paul Tillson v. C. R. Bard, Inc., et al. | 2:17-cv-02185 | Arizona |
| 27 | Kenneth VanLuvender v. C. R. Bard, Inc., et al. | 2:19-cv-02355 | New Jersey |
| 28 | Kim Wesson v. C. R. Bard, Inc., et al. | 2:19-cv-04104 | Arizona |
| 29 | Sharlene Williams v. C. R. Bard, Inc., et al. | 2:18-cv-03196 | New Jersey |

**IT IS SO ORDERED.**

Dated this 11th day of December, 2020.

David G. Campbell
Senior United States District Judge